**RHODE ISLAND HIGHER EDUCATION ASSISTANCE AUTHORITY**

v.

**Richard W. RILEY, Secretary of the United States Department of Education; and United States Department of Education.**

**C.A. Nos. 92–0623L, 89–0015T.**

United States District Court,
D. Rhode Island.

Aug. 16, 1994.

Joseph R. Palumbo, Jr., Palumbo, Galvin & Boyle, Middletown, RI, for plaintiff.

Everett C. Sammartino, Asst. U.S. Atty., Providence, RI and Neil H. Koslowe, Dept.

of Justice, Civ. Div., Washington, DC, for defendants.

## MEMORANDUM AND ORDER

LAGUEUX, Chief Judge.

These consolidated actions constitute an appeal from the Secretary of Education's decision that the Rhode Island Higher Education Authority ("RIHEAA") is not entitled to a refund of money withheld by the United States Department of Education. The matter is before the Court on cross motions for summary judgment. For the reasons set forth below, defendant's motion for summary judgement is granted while plaintiff's motion is denied.

## BACKGROUND

RIHEAA is a public corporation chartered by the State of Rhode Island. Its purpose is to administer the federal Guaranteed Student Loan Program ("GSLP") in the state. It began participating in the GSLP by entering into a series of contracts with the Secretary of Education ("Secretary"). Under those contracts, the federal government agreed to reimburse RIHEAA up to 100% of losses incurred in the discharge of RIHEAA's guaranty obligations. In its initial agreements with lenders prior to its participation in the GSLP program, RIHEAA's predecessor, the Rhode Island Higher Education Assistance Corporation ("RIHEAC"), agreed to leave assets unencumbered equal to 5% of the total unpaid loans guaranteed by RIHEAC as security for the performance of its guaranty obligations. After RIHEAC began participating in the GSLP, the lenders agreed that RIHEAC could reduce the level of its encumbered assets from 5% to 1% of

the aggregate principal balance of guaranteed loans reinsured by the federal government.[1]

Under Federal regulations, guaranty agencies, such as RIHEAA, must deposit reimbursements, revenue authorized or provided by the Higher Education Act of 1965, 20 U.S.C. § 1071, and all state appropriations, gifts, grants, and investment earnings into a GSLP "reserve fund." 34 C.F.R. 682.-410(a)(1). The regulations stipulate that none of the money in the reserve fund may be used for purposes other than GSLP purposes specified by the Secretary, namely: guaranteeing loans, paying claims, refunding overpayments and advances, and administering the program. 34 C.F.R. 682.410(a)(2)–(6). In the 1980's, Congress discovered that guaranty agencies throughout the country were accumulating large amounts of money in their reserve funds. So in 1987, as part of the Omnibus Budget Reconciliation Act of 1987, Pub.L. No. 100–203, 101 Stat. 1330, Congress required the Secretary to set a maximum cash reserve allowed for each guaranty agency based on a statutory formula. 20 U.S.C. 1072(e) (repealed 1989).[2] If an agency was over that maximum, the Secretary could withhold reimbursements and administrative cost allowances until the reserve fund dropped to the maximum. *Id.* As part of the 1987 amendments, Congress also included exceptions to the maximum reserve fund level requirement. The only exception that is still applicable to the present case permitted the Secretary to decline to enforce the maximum reserve fund requirement if reducing the fund level would cause the agency to be in breach of its lender contracts. *Id.* § 1072(e)(3)(A)(iii).[3]

---

1. Earlier, RIHEAA claimed that some of its contracts called for a 2% unencumbrance level. This claim was not proved to the Secretary's satisfaction, a finding which was sustained by the Court of Appeals *Rhode Island Higher Educ. Assistance Auth. v. Secretary, U.S. Dep't of Educ.*, 929 F.2d 844, 853–56 (1st Cir.1991) (*RIHEAA II* ). Only the 1% level claim is left in the case.

2. As noted by the Court of Appeals, section 1072(e) was not intended to effect a permanent programmatic change. Its provisions expired automatically on September 30, 1989. *See RIHEAA II* 929 F.2d at 848 n. 2.

3. 20 U.S.C. § 1072(e)(3)(A) (repealed 1989) provided: A. APPEALS BASED ON SPECIAL CIRCUMSTANCES.—(A) If the Secretary determines, on the basis of an application from a guaranty agency, that—

   (iii) in recovering funds as required by this subsection, a guaranty agency would be compelled to violate contractual obligations existing on the date of enactment of this subsection that require a specified level of reserve funds to be maintained by such agency;

   the Secretary may waive, in whole or in part, the imposition of the remedies required by paragraph (2) for such agency.

In February of 1988 the Secretary notified RIHEAA that he had determined that its "excess" reserve was $6,740,725. RIHEAA requested a waiver under section 1072(e)(3). This waiver was denied and the Secretary began to withhold reinsurance payments to remove the excess. RIHEAA then submitted revised and audited figures showing that its excess reserve had been mistakenly inflated. On February 2, 1989 the Secretary accepted the new numbers and recalculated RIHEAA's excess. It totaled $2,785,156. The Secretary continued to withhold payments to RIHEAA until the excess was recovered. RIHEAA filed suit claiming that its contract with the Department of Education was breached by the Secretary, that the Secretary's withholding constituted due process and "takings" clause violations, and that the Secretary's refusal to grant a waiver was arbitrary and capricious. Judge Torres of this Court found for RIHEAA in that case, determining that the Secretary had violated the contract by withholding reimbursement. He also found that the Secretary had acted in an arbitrary and capricious manner in denying RIHEAA's request for a waiver. *Rhode Island Higher Educ. Assistance Auth. v. Cavazos,* 749 F.Supp. 414 (D.R.I.1990) (*RIHEAA I*). That decision was reversed in part and remanded to this Court with instructions to remand the matter to the Secretary in order for him to reconsider whether RIHEAA was entitled to a waiver under section 1072(e)(3)(A)(iii). *RIHEAA II,* 929 F.2d 844.

The matter was returned to the Secretary and he rendered a decision adverse to RIHEAA on October 23, 1992. A new appeal was filed by RIHEAA which was assigned to this writer. The issue now before this Court was framed by the Court of Appeals. It is whether the Secretary improperly denied RIHEAA's request for waiver under section 1072(e). *RIHEAA II,* 929 F.2d at 858. In his decision of October 23, 1992, the Secretary made two findings. First, he determined that RIHEAA was not entitled to a waiver because even after the reimbursement withholding it still had one percent of the value of all outstanding loans unencumbered. This determination is now vigorously objected to by RIHEAA. The dispute arises from a difference in opinion as to the proper interpretation of the clause contained in the lender contracts which requires RIHEAA to retain one percent of the value of its outstanding loans unencumbered. The Secretary ruled that this one percent may come from any of RIHEAA's assets. RIHEAA, on the other hand, argues that the one percent refers to only those assets held in its GSLP reserve fund.

The Secretary also found that RIHEAA was not entitled to a waiver because the one percent clause was never enforced and therefore it was not a binding contract term in the lender contracts. Since this Court sustains the Secretary's decision on its first alternative ground, this latter issue need not be addressed.

After the Secretary's denial, as previously noted, RIHEAA filed suit for review in this Court. Since the previous suit was still open, the matters were consolidated. Both parties moved for summary judgment. After a hearing on September 10, 1993 the Court took the matter under advisement. It is now in order for decision.

## DISCUSSION

Judicial review of the Secretary's denial of the waiver is governed by the Administrative Procedure Act, 5 U.S.C. § 706(2)(A), which authorizes a court to set aside an agency decision only if it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. This standard of review is a generous one. Absent mistake of law, reversal will lie only if the Secretary's action lacked a rational basis.

*RIHEAA II,* 929 F.2d at 855. This Court concludes that RIHEAA has not met its burden of showing that the Secretary's decision lacked a rational basis or was a mistake of law. To make it more emphatic, this Court can say unequivocally that it agrees with the Secretary's decision. The clause in the lender contracts provides as follows:

8. As security for the performance of its obligations hereunder, the Authority covenants that it will, at all times, as long as the Lender is the holder of any guaranteed

note, hold unencumbered, except as encumbered by the issuance of Loan Guaranty Certificates, cash or marketable securities having a market value of not less than one percent (1%) of the aggregate amount of unpaid principal of all guaranteed notes as to which it has received a payment of guarantee fee representing a consummated loan.

There is nothing in this clause or any other term of the lender contracts to suggest that the one percent requirement is aimed solely at RIHEAA's guaranty reserve fund.

RIHEAA argues that since the Secretary only looked to the guarantee reserve fund in his prior rulings, rather than all of RIHEAA's unencumbered assets, his decision after remand was arbitrary. RIHEAA misses the point completely. In his first determination, the Secretary was attempting to calculate the level of assets in RIHEAA's GSLP reserve fund. In his original calculation of February 16, 1988, the Secretary mistakenly included assets that were held for projects other than the GSLP and thus overestimated the reserve fund total. The Secretary's revised ruling of February 2, 1989 corrected the earlier error. At that time, the Secretary did not even address which of RIHEAA's assets ought to be used to ensure compliance with the lender contracts.

The present dispute, however, concerns the lender contracts and what they require to be held unencumbered. The contract clause at issue makes absolutely no reference to the GSLP reserve fund. In fact, some of the lender contracts predate the statutory creation of the GSLP reserve fund. The clause only requires that one percent of the value of the outstanding loans must be held unencumbered by RIHEAA, plain and simple. RIHEAA claims that assets allocated to its other projects should be considered encumbered. This argument is to no avail because legally these assets are unencumbered. Accordingly, RIHEAA was only entitled to a waiver if the recoupment of excess reserve caused its total unencumbered assets to fall below the value of one percent of its outstanding guaranteed loans. The Secretary did not reverse himself, he was ruling on two totally separate issues.

The difference between the Secretary's two determinations may be simplified as follows: In 1989, the Secretary determined what assets were included in RIHEAA's GSLP reserve fund. In 1992, the Secretary determined the amount of RIHEAA's total unencumbered assets. The former is a subset of the latter and thus, the Secretary was not making an irrational turnabout as RIHEAA suggests.

The purpose of the waiver provisions in section 1072(e)(3)(A)(iii) is to provide a safety valve for an agency who, while complying with federal law may violate the guarantee clause of lender contracts. Clearly, as long as the total unencumbered assets of RIHEAA are greater than one percent of its outstanding loans it will not be in breach of those contracts, thus no waiver is needed. That is the situation in this case. Therefore, the Secretary was correct in concluding that RIHEAA was not deserving of a waiver in these circumstances.

### CONCLUSION

Plaintiff RIHEAA's motion for summary judgment is denied and defendant Secretary's motion for summary judgment is granted. The Clerk will enter judgment for defendant forthwith in these consolidated cases.

It is so ordered.